**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**LUBBOCK DIVISION**

| | | |
|---|---|---|
| DONALD S. BRYANT, JR., a Married Person, LINDA M. BRYANT, a Married Person, TRUSTEES of the BRYANT FAMILY TRUST, § § § § § § PLAINTIFFS, § v. § § PLAINS NATIONAL BANK OF § LUBBOCK, TEXAS, PLAINS CAPITAL § BANK OF LUBBOCK, TEXAS, MARK § GRIFFIN, ALL BOARD MEMBERS and § OFFICERS OF BANK, and ALL SPOUSES § OF PRESIDENT, BOARD MEMBERS and § ALL OFFICERS OF BANK, § § DEFENDANTS. § | | CIVIL ACTION CAUSE NUMBER 5:05-CV-034-J |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' DISPOSITIVE MOTION**

Before the Court is Defendants' Rule 12(b) motion, filed February 24, 2005, to dismiss this lawsuit with prejudice on the grounds of *res judicata*. On May 6, 2005, Defendants' motion was converted to a Rule 56 motion for summary judgment and the parties were given additional time to submit competent summary judgment evidence. The parties opposing summary judgment did so, and the time for submission of evidence has now passed.

Defendants' motion is granted for the following reasons.

Defendants assert that *res judicata* bars this lawsuit because it is identical to an earlier-filed lawsuit (5:04-CV-48-J) which was filed in this Court against the bank, its President, board members and officers, and all of their wives. Defendants state that a final take-nothing judgment was entered in that earlier suit after grant of Defendants' motion for summary judgment.

Plaintiffs' response in opposition to dismissal basically states that this case can not be dismissed because: 1) Defendants are in default, 2) Defendants' motion has not been "properly served" upon them, and 3) the earlier case's dismissal was without prejudice.

The elements of *res judicata* are:

> (1) that the prior judgment must have been rendered by a court of competent jurisdiction; (2) that there must have been a final judgment on the merits; (3) that the parties, or those in privity with them, must be identical in both suits; and (4) that the same cause of action must be involved in both suits.

Stevenson v. International Paper Co., 516 F.2d 103, 108-09 (5th Cir. 1975). Accord Nilsen v. City of Moss Point, 701 F.2d 556, 559 (5th Cir. 1983)(*en banc*).

"If these elements are established, then the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented." Stevenson, supra, 515 F.2d at 108-09.

There is no question that the earlier judgment in 5:04-CV-48-J is a final judgment on the merits that was rendered by a court of competent jurisdiction. There is no question that the parties or those in privity with them are identical in both suits. Exhibits #8 and #9 to Defendants' appendix in support of dismissal/[1] clearly show that a final take-nothing judgment was entered in these Plaintiffs' earlier lawsuit against the same party defendants in this suit, after grant of defendants' motion for summary judgment. The appendix documents show that the parties in this suit are identical to parties in the earlier suit and that the claims and causes of action asserted in the earlier suit are again presented in this case. Therefore *res judicata* operates to bar this subsequent lawsuit.

---

[1] Pursuant to Fed. R. Civ. Pro. 44(a)(1) and Fed. R. Evidence 201(b)(2) and without objection the Court has taken notice that the supplied pleadings included within the appendix are official records of this Court.

Turning to the Plaintiffs' other asserted defenses to entry of a final judgment, the Court has denied both of Plaintiffs' motions for entry of default judgment. No explanation has been offered by Plaintiffs as to why or how Defendants' dispositive motion has been improperly served upon the Plaintiffs; Plaintiffs do not assert that they did not receive a copy of Defendants' motion. Finally, Plaintiffs are incorrect that the earlier lawsuit was dismissed without prejudice.

For these reasons, Defendants' converted Rule 56 motion is granted.

A final judgment will be entered in accordance with this opinion and order.

It is SO ORDERED.

Signed this the   19th   day of July, 2005.

       /s/ Mary Lou Robinson
       **MARY LOU ROBINSON**
       UNITED STATES DISTRICT JUDGE